**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

|                                                      |     |                    |
|------------------------------------------------------|-----|--------------------|
|                                                      | )   |                    |
| Vanderbilt Mortgage and Finance, Inc.,               | )   | C.A. No. 8690-MA   |
| Plaintiff                                            | )   |                    |
| v.                                                   | )   |                    |
|                                                      | )   |                    |
| Weldon C. Thomas and Diane L. Burton,                | )   |                    |
| Defendants.                                          | )   |                    |

## MASTER'S REPORT

Date Submitted:  July 8, 2014
Draft Report:  October 20, 2014
Final Report:  October 30, 2014


Pending before me is a motion for summary judgment filed by Plaintiff Vanderbilt Mortgage & Finance, Inc. (hereinafter "Vanderbilt"), who is seeking a reformation of a deed of trust and imposition of a constructive trust on real property located at 37196 W. White Tail Drive, Selbyville, Delaware (Sussex County Tax Map Parcel No. 5-33 11.00 270.00) (hereinafter "the Property"). Defendant Diane L. Burton, the sole owner of the Property, opposes the motion, arguing that there are several disputed issues of material fact which preclude summary judgment, including whether she intended to use the Property as collateral to secure the installment loan she obtained on May 10, 1996, when she and Defendant Weldon C. Thomas purchased a manufactured home that was

subsequently affixed to the Property.[1]  For the reasons that follow, I recommend that Vanderbilt's motion for summary judgment be denied.

## Background

On May 13, 1992, Daniel Pacini passed away.[2]  In his Last Will and Testament, Pacini left the Property, described as "Lot 3 Deer Run Acres Tax Map 5-33-11 Parcel 270" and valued at $12,000, to Burton, who was his stepdaughter. On May 10, 1996, Burton and Thomas purchased a manufactured home.[3]  They secured financing through CMH HOMES, INC. D/B/A LUV HOMES, INC. #345 (hereinafter "CMH"), which is located in Millsboro, Delaware.  A copy of the "Retail Installment Contract – Security Agreement" (hereinafter "the Contract") in the record shows the cash price (including "sales tax" of $1,792.00) was $49,592.00, the amount financed was $48,270.50, and the total periodic payments to be made over the 17-year term of the Contract plus the initial deposit equaled

---

[1] The Sheriff of Kent County personally served Thomas with the summons and complaint on August 28, 2013, at his home in Camden-Wyoming, but Thomas never filed an answer to the complaint.  Docket Item ("DI") 13.  Burton filed her Answer on November 25, 2013, after she appeared *pro se* at a Rule to Show Cause hearing on November 7, 2013, and was allowed additional time to find counsel and file her response.  DI 18 & 19.

[2] Amended Verified Complaint at Ex. A.  DI 4.

[3] According to her answer to Vanderbilt's first set of interrogatories, Burton stated that she and Thomas were boyfriend and girlfriend in May 1996, and Thomas resided with her on the Property until approximately May 1997.  Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, Ex. 2 at ¶¶ 20 & 22.  DI 27.

$112,360.60.[4]  The Contract recited the proposed location of the manufactured home as "Route 2 Box H 1 Selbyville DE 19975," the same address given for the buyers.  Thomas and Burton signed the Contract, but although CMH was listed as the seller, no signature of a CMH representative appears on the Contract.

A "Deed of Trust" prepared by James F. Gallagher was signed by Thomas, Burton, and Gallagher on May 10, 1996, and recorded in the Office of the Recorder of Deeds in and for Sussex County, Delaware.[5]  The Deed of Trust recites the obligation secured as "PROMISSORY NOTE DATED   /   /96 WHEREIN THOMAS WELDON & DIANE BURTON ARE MAKER AND CMH HOMES INC. D/B/A LUV HOMES #345 IS PAYEE" in the amount of $48,270.50.[6]  The Deed of Trust also recites the address of the subject real property as R.D. 1 Box H1, Selbyville, Del. 19975, and recites the legal description of the subject real property as follows:

> COUNTY OF SUSSEX
> DELAWARE
> BEING A PART OF THE LANDS CONVEYED UNTO JANUARY CORP., A DELAWARE CORPORATION; BY DEED OF DAVID GRAMKOW, ET UX., DATED FEBRUARY 1, 1974, AND OF RECORD

---

[4] Amended Verified Complaint, Ex. B.  DI 4.  Because of the poor quality of the copy of the Contract that is in the record, it is difficult to decipher the printed numbers.  Some of the figures in this draft report may be slightly incorrect as a result.

[5] *Id.* at Ex. C.  It appears from the certificate of preparation on the recorded Deed of Trust that Gallagher was a manager at CMH.

[6] *Id.*

IN THE OFFICE OF RECORDER OF DEEDS AT GEORGTOWN [sic], IN DEED RECORD VOLUME 725, PAGE 554.[7]

On January 17, 2013, CMH assigned the Deed of Trust to Vanderbilt.[8]

## Issues

Vanderbilt argues that, as a matter of law, Burton has been unjustly enriched because she has admitted that she received loan proceeds from CMH to purchase a manufactured home, and is now delinquent in her repayment of that loan.[9] Further, Vanderbilt contends that the Deed of Trust was intended by the parties to secure an obligation, i.e., the Contract, wherein Burton granted a security interest in the Property to CMH. According to Vanderbilt, because of the mutual mistake of the parties with respect to the legal description of the Property in the Deed of Trust, the only way for the parties to receive the benefit of their bargain is for the Deed of Trust to be reformed to reflect an adequate legal description of the Property. Alternatively, Vanderbilt argues that as a matter of law, it is entitled to have a constructive trust imposed over the Property in order to remedy Burton's unjust enrichment.

---

[7] *Id.*

[8] *Id.* at Ex. D.

[9] Burton's Response to Plaintiff's First Request for Admissions, at ¶ 16. Ex. 1 of Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment. DI 27. According to Vanderbilt, Burton owes Vanderbilt $10,981.77, representing the total amount past due as of May 21, 2014. Ex. 3 of Plaintiff's Legal Memorandum in Support of Its Motion for Summary Judgment.

Burton denies that she has been unjustly enriched, arguing instead that it is Vanderbilt who has been unjustly enriched because CMH charged her an unlawful sales tax and included that sales tax in the amount that it financed, thereby inflating the amount of money owed by Burton. Additionally, Burton argues that Vanderbilt has a remedy at law since it may sue upon the Contract for money damages, or file a writ of replevin as it did previously in 2002. Burton contends that because CMH included an unlawful sales tax in the amount financed under the Contract, there are material questions of fact as to the amount still owed to Vanderbilt, if any, and whether Burton is in default of the Contract. Finally, Burton argues that the legal description in the Deed of Trust is so grossly inadequate that it is unenforceable.

Vanderbilt argues, in reply, that the sales tax was properly collected and included in the amount financed by CMH, but even if it were not, Burton's suggestion that Vanderbilt is precluded from obtaining a judgment under the unclean hands doctrine is futile because Burton failed to plead this as an affirmative defense in her Verified Answer to Amended Complaint. Finally, Vanderbilt acknowledges that the legal description in the Deed of Trust is wholly inadequate; had it been legally sufficient, Vanderbilt would not now be seeking to reform the Deed of Trust.

### Standard of Review

A motion for summary judgment under Court of Chancery Rule 56 will be granted "where the record reflects that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[10] When reviewing a motion for summary judgment, "the facts must be viewed in the light most favorable to the non-moving party and the moving party has the burden of demonstrating that there is no material question of fact."[11]

Analysis

Vanderbilt, as the moving party, has the burden of demonstrating that there is no material issue of fact and is entitled to judgment in its favor as a matter of law on all three counts: (1) unjust enrichment; (2) reformation of the Deed of Trust; and (3) constructive trust.[12] For the following reasons, I recommend that the Court deny Vanderbilt's motion for summary judgment in its entirety.

1. Unjust Enrichment

A claim for unjust enrichment is premised on "'the unjust retention of a benefit to the loss of another, or the retention of money or property of another

---

[10] *Viacom Int'l, Inc. v. Winshall*, 2012 WL 3249620, at *10 (Del. Ch. Aug. 9, 2012).

[11] *Senior Tour Players 207 Mgmt. Co. LLC v. Golftown 207 Holding Co., LLC*, 853 A.2d 124, 126 (Del. Ch. 2004).

[12] In my draft report I am addressing the arguments in the sequence in which they were presented by Vanderbilt in Plaintiff's Legal Memorandum in Support of Its Motion for Summary Judgment, rather than the sequence of the actual legal counts in Vanderbilt's Amended Verified Complaint.

against the fundamental principles of justice or equity and good conscience.'"[13] The elements of unjust enrichment are: (1) an enrichment; (2) an impoverishment; (3) a relation between the enrichment and impoverishment; (4) the absence of justification; and (5) the absence of a remedy provided by law.[14] I do not need to address all of the elements of this claim because I find that there exists a material question of fact whether there has been an enrichment here.

The Contract plainly states that the purchase price of the manufactured home included a sales tax in the amount of $1,792.00. It is undisputed that Burton is a Delaware resident who purchased her mobile home in Delaware, and placed it on the Property, which is also located in Delaware. Delaware has no general sales tax on mobile homes that are intended to be located in Delaware.[15] Vanderbilt argues, however, that the "sales tax" reflected in the Agreement was consistent with a transfer tax, which is typically 3.75% of the purchase price, and that the sale of the mobile home should have been subject to such transfer tax. While transfers of real property are subject to county taxation,[16] I can find no statutory authority for

---

[13] *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010) (quoting *Fleer Corp. v. Topps Chewing Gum, Inc.,* 539 A.2d 1060, 1062 (Del. 1988)).
[14] *Nemec*, 991 A.2d at 1130 (citing *Jackson Nat. Life Ins. Co. v. Kennedy*, 741 A.2d 377, 394 (Del.Ch. 1999); *Cantor Fitzgerald, L.P. v. Cantor*, 724 A.2d 571, 585 (Del.Ch. 1998)).
[15] *See PNC Bank v. Marty's Mobile Homes, Inc.*, 2001 WL 849866, at n.6 (Del.Ch. July 10, 2001). *See also* 9 *Del. C.* § 8103.
[16] *See* 9 *Del. C.* § 8102.

Vanderbilt's contention that $1,792.00 was a legal transfer or sales tax for a mobile home.

The Contract calls for 204 monthly payments beginning May 15, 1996. By my computation, the last payment under these terms would have been made on or about April 15, 2013, if Burton had continued to make payments on schedule. According to Vanderbilt, Burton's last payment of $561.82 was made on January 1, 2012,[17] approximately 15 months before the end of the Contract's 17-year term. Burton's monthly payment obligation of $561.82 included principal of $550.82 and escrow of $11.00, with interest for each late payment assessed thereafter at 10.5%.[18] Looking at the evidence in a light most favorable to the non-moving party, it appears that Burton was charged an illegal sales tax in the amount of $1,792.00, which was then included in the financing agreement, improperly inflating the total amount owed to Vanderbilt for the purchase of her mobile home. I find that there exists a material issue of fact as to whether Burton has been enriched in this case. Therefore, I recommend that the Court deny the motion for summary judgment as to Count III – Unjust Enrichment.

2. Reformation of Deed of Trust

---

[17] Affidavit of Bill Peterson, Legal Affairs Representative at Vanderbilt. Ex. 3 of Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment.
[18] *Id.* As of May 21, 2014, Burton had accrued late charges in the amount of $140.00, and owed Vanderbilt $10,981.77. *Id.*

Vanderbilt argues that it is entitled to reformation of the Deed of Trust as a matter of law because the record shows that, but for a mutual mistake of the parties with respect to the legal description, it was intended by the parties that Burton convey a security interest in the Property in order to receive loan proceeds to purchase the mobile home. According to Vanderbilt, therefore, a reformation of the Deed of Trust to reflect a sufficient legal description of the Property is both necessary and appropriate to remedy the mutual mistake.

This Court has the power to grant reformation of a contract "in order to express the 'real agreement' of the parties involved."[19] Under the doctrine of mutual mistake, a plaintiff must show by clear and convincing evidence that both parties were mistaken as to a material portion of the written agreement.[20]

Although Vanderbilt argues that, on its face, the Deed of Trust reflects Burton's intention to convey a security interest in the Property, Burton has provided an affidavit in which she avers that she did not understand the terms "security interest," "legal description," or "title search" when she purchased the mobile home.[21] All she knew was that Vanderbilt was on the certificate of title as

---

[19] *Cerberus Int'l, Ltd. v. Apollo Management, L.P.*, 794 A.2d 1141, 1151 (Del. 2002) (quoting *Colvocoresses v. W.S. Wasserman Co.*, 28 A.2d 588, 589 (Del.Ch. 1942)).

[20] *Id.*, citing *Collins v. Burke*, 418 A.2d 999, 1002 (Del. 1989).

[21] Affidavit of Diane L. Burton, Ex. F of Defendant's Answering Brief. DI 29.

having a lien on her mobile home.[22] Burton also denies that she intended to convey a security interest in the Property when she executed the Deed of Trust because she did not know the meaning of a security interest.[23] She further claims that she did not review the legal description in the Deed of Trust when she executed that document,[24] and that she only intended to buy a home when she executed the Deed of Trust so she signed where they told her to sign.[25]

Viewing this record in a light most favorable to Burton, the non-moving party, it appears that summary judgment would not be appropriate on this count because the determination of whether the parties came to a specific prior understanding before executing the Deed of Trust will depend in large part on the credibility of the witnesses.[26] Therefore, I recommend that the Court deny summary judgment as to Count I -- Reformation of the Deed of Trust.

3. Constructive Trust.

Vanderbilt argues that, in the alternative, it is entitled to a constructive trust securing its interest in the Property because, unlike reformation, the doctrine of constructive trust is not meant to enforce the parties' intentions, but to rectify an

---

[22] *Id.*

[23] Defendant's Response to Plaintiff's First Request for Admissions at ¶ 12, Ex. 1 of Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment. DI 27.

[24] Defendant's Answers to Plaintiff's First Set of Interrogatories at ¶ 24, Ex. 2 of Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment.

[25] *Id.* at ¶ 27.

otherwise unjust result. According to Vanderbilt, Burton has been unjustly enriched by her receipt of the loan proceeds used to purchase her mobile home and her failure to repay such proceeds as agreed under the terms of the Contract.

In order to be entitled to the imposition of a constructive trust, a plaintiff must show that "defendant's fraudulent, unfair, or unconscionable conduct causes him to be unjustly enriched at the expense of another."[27] "If one party obtains, or retains, legal property by fraud, by violation of confidence or fiduciary relations, or in any other unconscionable manner, a court will impress a constructive trust upon the property in favor of the one who is in good conscience entitled to it."[28]

Vanderbilt's claim for a constructive trust over the Property is based on Burton's failure to make the remaining payments under the terms of the Contract, as a result of which Burton allegedly has been unjustly enriched. Vanderbilt has not alleged any breach of fiduciary duty or fraudulent conduct on Burton's part so it appears that its claim falls under the rubric of "unconscionable" conduct. For the reasons stated above in my discussion of Vanderbilt's claim of unjust enrichment, there is a genuine issue of material fact whether Burton has been unjustly enriched.

---

[26] *Cerberus Int'l, Ltd.,* 794 A.2d at 1150.

[27] *Neumeister v. Herzog*, 2007 WL 2162556, at *5 (Del.Ch. July 12, 2007) (citing *Adams v. Jankouskas*, 452 A.2d 148, 152 (Del. 1982)).

[28] *Id.* (quoting *Bird's Construction v. Milton Equestrian Center*, 2001 WL 1528965, at *3 (Del. Ch. 2001) (quoting 1 *Pomeroy's Equity Jurisprudence* § 166, at 210-11 (5th ed. 1941)).

As a result, I recommend that the Court deny the motion for summary judgment as to Count II -- Constructive Trust.

Conclusion

For the foregoing reasons, I recommend that Vanderbilt's motion for summary judgment be denied in its entirety.

Respectfully,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz
cc: Leslie Case DiPietro
Victoria J. Hoffman